UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. J. CHAMBERS, | 1:08-CV-01360 SMS HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR STAY [Doc. #10] |
| v. | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND TERMINATE ACTION |
| JERRY BROWN, | |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has returned his consent/decline form indicating consent to the jurisdiction of the Magistrate Judge.

On August 20, 2008, Petitioner filed the instant petition. Following preliminary review of the petition, on October 3, 2008, the Court issued an order directing Petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies. In particular, it appeared from the petition that Petitioner had failed to present any of his claims to the California Supreme Court.

On October 17, 2008, Petitioner filed a motion to stay the proceedings while he returns to

1  state court. He does not deny that his claims are unexhausted. Rather, he argues that he is mentally
2  ill, has no knowledge of the law, and relies on other inmates for preparation of his pleadings. He
3  states he has no idea what issues were raised and to which courts.

4  I.  Exhaustion and Motion for Stay

5       A district court has discretion to stay a mixed petition containing exhausted and unexhausted
6  claims. Rhines v. Weber, 544 U.S. 269, 276-78 (2005).  However, the Court stated that "stay and
7  abeyance [is] available only in limited circumstances" and "is only appropriate when the district
8  court determines there was good cause for the petitioner's failure to exhaust his claims first in state
9  court." Id. at 277.

10       In this case, the Court does not find good cause to excuse Petitioner's failure. First, it appears
11  that all of his claims are unexhausted. Under 28 U.S.C. § 2254(b)(1), the petition must be dismissed
12  to give the state courts a first opportunity to resolve the claims. Second, Petitioner has provided no
13  reason to stay the petition. A dismissal for failure to exhaust is not a dismissal on the merits, and
14  Petitioner will not be barred from returning to federal court after Petitioner exhausts available state
15  remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions.  See In re Turner, 101
16  F.3d 1323 (9th Cir. 1996).  However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims.  See Fed. Rules Civ. Proc. 41(a) and (b).  Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court.  The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

21  Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event
22  he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the
23  petition may be dismissed with prejudice. Petitioner is further advised that there is a one year
24  limitations period in which Petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C.
25  §2244(d)(1).  In most cases, the one year period starts to run on the date the California Supreme
26  Court denies Petitioner's direct review.  Rose v. Lundy, 455 U.S. 509, 521-522 (1982).  The
27  limitations period is tolled while a properly filed request for collateral review is pending in state
28  court.  28 U.S.C. § 2244(d)(2).   However, the limitations period is not tolled for the time such an

application is pending in federal court.  Duncan v. Walker, 531 U.S. 991 (2001).

II.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial

showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner's motion for stay is DENIED;

2) The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE;

3) The Clerk of Court is DIRECTED to enter judgment and terminate the action; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:    October 29, 2008**               **/s/ Sandra M. Snyder**
                                               UNITED STATES MAGISTRATE JUDGE